■ KATHERINE REILLY et al., Respondents, v. BILLY BLAKE DISCOUNT DEPARTMENT STORES et al., Appellants.— In a negligence action to recover

926

damages for personal injuries sustained by the female plaintiff and for medical expenses, etc., defendants appeal from an order of the Supreme Court, Suffolk County, entered May 18, 1971, which granted plaintiffs' motion to set aside a jury verdict in favor of defendants and ordered a new trial. Order reversed, without costs, verdict reinstated and judgment directed to be entered in favor of defendants upon the verdict. The female plaintiff sustained her injuries when she allegedly slipped on a banana as she walked through an aisle of defendants' supermarket. The case was submitted to the jury and, after it returned a verdict in favor of defendants, the Trial Judge set the verdict aside on the ground that trial counsel for defendants had deprived plaintiffs of a fair trial by his summation to the jury. Defense counsel's remark in summation that " That phony witness they bought, and I don't know how he got to her " was an improper reflection on plaintiffs' counsel. It finds no basis in the record and it was completely irresponsible and reprehensible. When counsel, in an endeavor to gain a verdict, engage in such unethical tactics they endanger the very verdict which they secure. However, under the factual pattern here, and assuming that plaintiffs proved a prima facie case, we find that the verdict so far preponderates in favor of defendants that it should not have been set aside. We therefore reinstate the verdict in favor of defendants, but, in view of counsel's conduct, award no costs to defendants. Latham, Shapiro and Brennan, JJ., concur; Hopkins, Acting P. J., and Martuscello, J., dissent and vote to affirm.