■ DIANE PICCIALLO, an Infant, by Her Mother and Natural Guardian, LOUISE PICCIALLO, et al., Appellants, v JANE M. NORCHI, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Green, J.), dated June 30, 1987, which, upon a jury verdict, dismissed their complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Diane Picciallo was allegedly injured when the automobile in which she was riding as a passenger was sideswiped by the defendant's vehicle. Since the defendant conceded liability, a trial was held limited to the issue of damages. After trial, the jury found in favor of the defendant, concluding that Diane Picciallo had failed to establish that she sustained a serious injury as defined by Insurance Law § 5102 (d). On appeal, the plaintiffs claim that the jury verdict should be set aside because the defendant's expert made improper and prejudicial comments during cross-examination which were compounded by defense counsel's suggestion during his summation that the plaintiffs' medical expert was incompetent. The plaintiffs also contend that the jury verdict was against the weight of the credible evidence. We disagree.

Because the plaintiffs failed to object to the allegedly prejudicial comments made by defendant's medical expert, or to move for a mistrial, they cannot claim on appeal that they were denied a fair trial as a matter of law *(see, Schein v Chest Serv. Co.,* 38 AD2d 929). "[W]hen a timely objection is not

made, the testimony offered is presumed to have been unobjectionable and any alleged error [of law] considered waived" *(Horton v Smith,* 51 NY2d 798, 799). Nor does defense counsel's comment during summation require the setting aside of the jury verdict *(see, Reilly v Billy Blake Discount Dept. Stores,* 39 AD2d 925) inasmuch as prompt, curative instructions were administered by the court, to which no exception was taken.

We further find that the verdict is supported by the record and based on a fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129). While there was conflicting medical testimony on certain issues, the jury resolved the disputed issues of fact in favor of the defendant and the record presents no reason to disturb its verdict *(see, Boyle v Gretch,* 57 AD2d 1047). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.