ALBERT ARMETTA et al., Plaintiffs, v GENERAL MOTORS CORPORATION et al., Defendants. MARTIN L. HEFFAN et al., Appellants, v CITY OF NEW YORK et al., Respondents.—

This is a negligence action arising out of a vehicular accident that occurred while plaintiff Albert Armetta was a passenger in a car traveling east on Northern Boulevard. The driver stopped and waited to make a left turn into the parking lot of a diner. His vehicle was struck in the rear by another vehicle causing him to be pushed into the westbound lane of traffic where his car was hit by a tractor trailer.

The trial court did not abuse its discretion in restricting plaintiffs' proof of their claim against the city, based on a theory of notice of a prior dangerous condition, by not allowing the introduction of a report titled "Preliminary Design of Street Improvements of Northern Boulevard" (hereinafter the Report). Nor did it err by limiting the city's obligation to produce accident reports to reports regarding the same site and dating back two years before the accident. It is within the trial court's discretion to determine what evidence is material and relevant *(Hyde v County of Rensselaer,* 51 NY2d 927 [1980]). Proof of a prior accident to establish a dangerous condition or to prove notice requires a showing that "the relevant conditions of the subject accident and the previous one were substantially the same" *(supra,* at 929). Limiting the introduction of evidence to the same site is a factor in determining whether the conditions were substantially the same. The Report was issued after plaintiff's accident and, therefore, did not constitute material and relevant evidence on the issue as to the city's prior notice of a dangerous condition. The court's ruling was a reasonable exercise of its discretion. Plaintiff's witnesses were also properly excluded on the ground that they came to the scene after the accident.

The trial court did not err in dismissing the complaint against the owner of the diner prior to submitting the case to the jury since a ruling denying a prior motion for summary judgment "is not necessarily *res judicata* or the law of the case that there is an issue of fact in the case that will be established at the trial" *(Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948, 949 [2d Dept 1974]).

Furthermore, to make out a prima facie case of negligence against the diner, plaintiffs would have had to establish that

the owners had a duty to direct and control traffic waiting to enter the parking lot *(Pulka v Edelman,* 40 NY2d 781 [1976]). Moreover, in circumstances where a plaintiff has attempted to show a causal connection between the operation of the adjacent premises and the negligent operation of a vehicle, the courts have rejected similar arguments *(supra,* at 782).

The court also acted within its discretion in determining that plaintiff's witness did not qualify as an expert on safety techniques for operating a tractor trailer *(Werner v Sun Oil Co.,* 65 NY2d 839 [1985]). Such a determination will not be disturbed unless there is an abuse of discretion, error of law or a serious mistake *(Karasik v Bird,* 98 AD2d 359, 362 [1st Dept 1984]).

Nor was it error to deny plaintiff a continuance to find another expert. "It is an abuse of discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence" *(Balogh v H.R.B. Caterers,* 88 AD2d 136, 141 [2d Dept 1982]). The testimony of an expert on safety technique was not material under these circumstances to show that the truck driver had less control of an unladen truck causing it to cross over the double yellow line, or that he had time to stop and avoid the accident. The jury was charged that if the tractor trailer crossed the yellow line, the tractor trailer driver was negligent. Furthermore, the testimony indicated that the truck was already parallel to plaintiff when he was first struck in the rear, making the stopping time of the truck irrelevant. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.