◾ Esther Hudes, Appellant, v 255 W. 98th Street Company et al., Respondents.—Judgment of the Supreme Court,

New York County (Eugene Wolin, J.), entered May 19, 1989, upon a jury verdict in favor of defendants, unanimously affirmed, without costs.

On this record, the jury could have reasonably concluded that plaintiff failed to meet her burden of demonstrating that defendants' purported negligence, involving the maintenance and operation of a passenger elevator, was a substantial and proximate cause of the events which produced the injury *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829). Plaintiff claimed that she sustained a broken ankle when she fell or tripped inside defendants' elevator, which was not level with the floor landing. Plaintiff also testified that she initially blacked out before she managed to drag herself out onto the hallway and yell for help. Plaintiff's next-door neighbor, however, testified that she heard a "thud" and cries for help emanating from inside plaintiff's apartment at the exact time that the incident is alleged to have occurred. More importantly, a police officer, who responded to the scene to aid plaintiff, testified that he was informed by plaintiff that the injury had occurred when she fell inside her apartment. Thus, while there was conflicting testimony as to the location of the injury, the jury resolved the disputed facts in favor of defendants, and the record presents no reason to disturb its verdict *(Picciallo v Norchi,* 147 AD2d 540).

We have considered plaintiff's other contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.