■ ANTOINETTE HILL, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [607 NYS2d 42] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered July 1, 1992, upon a jury verdict in favor of defendants, unanimously affirmed, without costs.

A reasonable view of the evidence supports the conclusion that the infant plaintiff's retardation was not caused by her claimed ingestion of lead paint chips present in apartments owned and managed by defendants (see, Hudes v 255 W. 98th St. Co., 162 AD2d 197, 198, citing Derdiarian v Felix Contr. Corp., 58 NY2d 308, 315), including evidence that the child was a high risk baby who was born with meconium on her face and required antibiotics to ward off possible meningitis, that she sustained a head injury at age 26 months when struck by a swing, that she had been physically abused, and that congenital or hereditary factors might also have affected her condition. The record presents no reason to disturb the jury's resolution of disputed facts in favor of defendants (supra).

Plaintiff's claim that the court erroneously charged that a violation of Administrative Code of the City of New York § 27-2013 constituted "some evidence of negligence", rather than "negligence per se", is not preserved for appellate review (see, McCummings v New York City Tr. Auth., 177 AD2d 24, 31-32, affd 81 NY2d 923, cert denied — US —, 126 L Ed 2d 450), and we decline to review it. Plaintiff's other claimed errors with respect to the court's charge are either unpreserved or do not warrant a reversal.

Finally, the summations of the defense counsel were based on evidentiary matter introduced at trial, and did not deprive plaintiff of a fair trial. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.