■ SUSAN A. FILIPPONE et al., Respondents, v ALL ISLAND LEASE A CAR, INC., et al., Appellants. [607 NYS2d 678] — Amended judgment, Supreme Court, Nassau County (Francis X. Becker, J.), entered December 12, 1991, which, *inter alia,* after jury trial, and on a directed verdict in favor of plaintiffs as to liability, found in favor of plaintiff Susan Filippone in the amount of $60,000, and in favor of plaintiff Jiminez in the amount of $75,000, unanimously affirmed, without costs. This action arises out of an intersection accident which occurred on June 27, 1988, at approximately 9:30 A.M., on Glen Cove Road in North Hempstead. Plaintiffs, two sisters, were travelling southbound, in the extreme left lane, when defendant Michael, an employee of defendant All Island driving a large van

owned by All Island, attempted to make a left turn from the northbound lane of Glen Cove Road, across plaintiffs' lane of travel, onto a ramp leading to the Meadowbrook Parkway. Plaintiff Filippone, the driver, testified that the defendants' van suddenly began its turn when she was only one car length away. Defendant Michael, still employed at the time of trial by All Island, admitted that he first saw the plaintiffs' vehicle when it was 500 feet away, that he could not estimate its speed, and that he did not look in the direction of plaintiffs' vehicle until after he had begun his turn.

During summation, an objection was made to a torrent of improper comment from plaintiffs' counsel who stated that there had been "attempts" to "block" evidence from getting before the jury and to "delay these proceedings"; complained that "they [defense counsel] tried to keep evidence from you" with reference to certain hospital records from a foreign jurisdiction which the court excluded from evidence; commented on the fact that a physician had been subpoenaed and paid "a large sum of money" when no medical witness had been called by defendants; and referred to "positive findings" in the report of one of defendants' expert physicians who had not been called as a witness.

The court properly directed a verdict on the issue of liability in favor of plaintiffs. Any jury finding of negligence on plaintiffs' part, had the matter been submitted to the jury, would have been the result of pure speculation. Defendant did not observe the speed of plaintiffs' vehicle, and did not even observe the vehicle for some 15 seconds prior to making his left turn across plaintiffs' travelling lane. The testimony of the plaintiffs that the defendant made a sudden turn is unimpeached and uncontradicted. By no rational process could a trier of fact find that plaintiffs had been negligent in the operation of their vehicle, whereas defendant by his own admission was negligent in failing to keep a lookout for oncoming traffic prior to making his turn *(Hernandez v Joseph,* 143 AD2d 632).

Were it not for the fact that the trial court immediately sustained objection to counsel's comments, and issued curative instructions, the comments of plaintiffs' counsel would have warranted a reversal *(Reilly v Billy Blake Discount Dept. Stores,* 39 AD2d 925). There was ample evidence of serious injury to submit the issue to the jury. Nor did the trial court err in ruling that plaintiffs' inadvertent failure to answer defendant All Island's counterclaim for contribution was ex-

cusable, and did not warrant the entry of judgment on default. The matter was not raised before trial, or even at trial, until after plaintiffs had presented their case on liability, and established that the defendants were wholly responsible for the happening of the accident as a matter of law. In this context, there was clearly a basis for the court to find that the ends of justice would not be served by the entry of a default judgment as a resuit of plaintiffs' inadvertence *(Stevenson Corp. v Dormitory Auth.,* 112 AD2d 113). Indeed, the Second Department has held that CPLR 3215 applies to the taking of a default with respect to a counterclaim, and that the counterclaim may be dismissed where, as here, there has been no attempt to enter judgment within the requisite one-year period *(Mint Factors v Goldman,* 74 AD2d 599). Nor is the present action a third-party action where the one-year period would commence with the entry of judgment against the third-party plaintiff *(see, Multari v Glalin Arms Corp.,* 28 AD2d 122, *appeal dismissed* 23 NY2d 740). Concur—Rosenberger, J. P., Ross, Asch, Rubin and Williams, JJ.