■ WILLIAM ADAMS et al., Respondents, v ROMUALDO A. RO-MERO et al., Appellants, et al., Defendants. [642 NYS2d 673] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered August 16, 1995, upon a verdict in favor of plaintiffs and against defendants-appellants following a directed verdict on the issue of liability, awarding plaintiff William Adams $400,000 for past pain and suffering and $350,000 for future pain and suffering and awarding plaintiff Sandreson Adams $50,000 for loss of consortium, unanimously modified, on the facts, and the matter remanded for a new trial on the issue of damages only, and otherwise affirmed, without costs or disbursements, unless plaintiffs, within 20 days after service upon their attorney of a copy of this order, with notice of entry, serve and file in the office of the clerk of the trial court a written stipulation consenting to the entry of an amended judgment reducing plaintiff William Adams's award to the principal amount of $450,000, in which event the judgment, as so amended, is affirmed, without costs or disbursements.

Plaintiff William Adams sustained two herniated discs, and developed hypertrophic posterior spurs, causing pain and permanent disability in that he cannot freely move his neck from side to side, when the top of defendant hotel's airport minibus in which he was a passenger collided with an overpass at the airport. The trial court properly directed verdict on the issue of liability against the hotel and the driver of the minibus, a hotel employee, since there is no valid line of reasoning or permissible inferences that could support a finding that the driver was not negligent or that plaintiff's actions contributed to the accident. The driver testified that he was distracted by a passenger who was urging him to hurry so as not miss a plane, but was unable to identify the passenger; in any event, such

urgings could not have excused the driver's ignoring posted warning signs concerning height clearance and driving his eight-foot-high minibus in an area where there was only seven feet of height clearance in contravention of direct orders from his superiors not to travel on the alternate drop-off roadway. The trial court did not err in excluding copies of X-rays, MRI films and CT scans of plaintiff's spine because of defendants' noncompliance with CPLR 4532-a. The jury's award of $750,000 for past and future pain and suffering deviates materially from what would be reasonable compensation, and should be reduced to the extent indicated (CPLR 5501 [c]). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.