■ NETTIE TROSTY, Respondent, v MENDON LEASING CORP. et al., Appellants, and YEFIM GERSH, Respondent. [649 NYS2d 459] —In an action to recover damages for personal injuries, the defendants Mendon Leasing Corp. and Roni Katz appeal from (1) an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 5, 1995, which denied their motion to set aside the verdict, and (2) a judgment of the same court dated September 14, 1995, which, upon a jury verdict finding the appellants 85% at fault in the happening of the accident, and upon granting the motion of the defendant Yefim Gersh to set aside the verdict as to him and thereupon finding the appellants 100% at fault, and upon a jury verdict awarding the plaintiff $500,000 for past pain and suffering and $540,000 for future pain and suffering, is in favor of the plaintiff and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages for past and future pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by her, consenting to decrease the verdict as to said damages from the sum of $1,040,000 to the sum of $650,000 ($300,000 for past pain and suffering and $350,000 for future pain and suffering), and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On January 26, 1991, the then 61-year-old plaintiff sustained serious injuries, including brain damage and intractable back pain, when the taxi in which she was a passenger, and which was driven by the defendant Yefim Gersh collided with a truck driven by the defendant Roni Katz which was leased from the defendant Mendon Leasing Corp.

A bifurcated trial was held. The jury found Katz and Mendon (hereinafter collectively referred to as Mendon) to be 85% at fault and Gersh to be 15% at fault for the plaintiff's injuries. Thereafter the court granted Gersh's motion to set aside the verdict as to him and found that Mendon was 100% at fault.

Viewing the evidence in the light most favorable to Mendon, we find that the proof was undisputed that the Mendon truck cut in front of Gersh's cab without warning, making a left turn from the right-hand lane, and propelling the taxi in which the plaintiff was a passenger into either a tree or a fence. Gersh's lack of negligence is therefore established on this record (*see, e.g., O'Brien v Covert,* 187 AD2d 419, 420). Accordingly, the Supreme Court properly determined that the jury's verdict finding Gersh 15% liable was not reasonably based upon the facts, and properly granted Gersh's motion to set aside the verdict as to him (*see, Filippone v All Is. Lease A Car,* 201 AD2d 433; *Pincus v Cohen,* 198 AD2d 405).

Contrary to Mendon's contention, the court did not err in permitting the plaintiff to introduce into evidence the record of a recent hospitalization at Methodist Hospital in Hattiesburg, Mississippi, which had been supplied to Mendon a week before trial, shortly after the plaintiff's counsel received it. The medical exchange rule is inapplicable here because no experts from Methodist Hospital testified on behalf of the plaintiff, and the conditions for which she was hospitalized were not new, but rather were related to the subject accident (*see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.17; CPLR 3101 [d] [1]; *Shehata v Sushiden Am.,* 190 AD2d 620).

The trial court also did not improvidently exercise its discretion in refusing to allow Mendon to substitute for their two expert witnesses, who persisted in being "unavailable" to testify, two other doctors who had examined the plaintiff in connection with her "No-Fault" insurance claims, whose names

were never provided to the plaintiff during discovery (*see, e.g., Stern v Calzado,* 163 AD2d 299; *see also, Peterson v Zuercher,* 198 AD2d 797; Uniform Rules for Trial Cts [22 NYCRR] § 202.17 [h]).

Mendon's contention regarding purported misconduct by the plaintiff's counsel is largely unpreserved for appellate review, and is in any event without merit.

We find the damages awarded to be excessive to the extent indicated. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.