■ MOHAMMED RAZZAQUE, Respondent, v KRAKOW TAXI, INC., et al., Appellants. [656 NYS2d 208] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered December 22, 1995, which, upon a jury's verdict, awarded plaintiff damages of $2,125,753.42, as reduced by the trial court, unanimously modified, on the law and the facts, to the extent of vacating the award for past and future lost wages, and directing a new trial solely on the issue of damages for past and future pain and suffering and otherwise affirmed, without costs, unless plaintiff stipulates, within 20 days after service upon his attorney of a copy of this order with notice of its entry, to the entry of an amended judgment reducing the award for pain and suffering to the principal amount of $250,000, and vacating the remainder of the award, in which event, the judgment, as so amended and reduced, is affirmed, without costs.

The trial court properly granted a directed verdict on the issue of liability. The plaintiff offered his own testimony, a portion of the defendant driver's deposition testimony and his hospital records to establish that he was injured when a taxi owned by the defendant Krakow Taxi, and driven by defendant Kim, struck him in the intersection of 68th Street and 3rd Avenue in Manhattan. Plaintiff testified that he waited until the light flashed "Walk," and then entered the crosswalk when he was hit. The defendants, on the other hand, failed to offer any defense other than a brief examination of the plaintiff. In fact, the driver, Kim, did not testify at trial despite the fact that counsel for Krakow had been in contact with him in the preceding weeks. Thus, with plaintiff's evidence standing unrefuted, there was no valid line of reasoning or permissible inferences from which the jury could conclude that the defendants were not negligent, or that the plaintiff's negligence contributed to the accident (see, Adams v Romero, 227 AD2d 292). The minor inconsistencies in the plaintiff's testimony were insufficient to cast doubt on his uncontradicted version of the accident.

None of the claimed evidentiary errors requires reversal of the liability verdict. The court's refusal to allow defendant Krakow to read additional portions of Kim's deposition

testimony into evidence was a proper exercise of its discretion (*Feldsberg v Nitschke*, 49 NY2d 636, 643-644). The defendants can show no prejudice because they have not identified any portion of the deposition which would have materially aided their defense *(supra,* at 645-646). Given that Kim's deposition testimony did not refute plaintiff's allegations of negligence, and Krakow failed to exercise diligence in securing his presence at trial, the denial of Krakow's request for a continuance to procure his trial testimony was also proper *(see, Armetta v General Motors Corp.*, 158 AD2d 284).

While expert medical testimony is not required to establish liability or damages in a negligence case where the issues are not beyond the ken of the ordinary juror *(see, Payette v Rockefeller Univ.*, 220 AD2d 69; *McKinney v Bellevue Hosp.*, 183 AD2d 563, 565; *see generally, De Long v County of Erie*, 60 NY2d 296, 307), here, expert testimony was necessary to support most of plaintiff's claims. The court erred in permitting the plaintiff to offer evidence regarding the actual nature, extent and effect of his injuries, matters clearly beyond his competence, without testimonial support from an expert medical witness.

We need not decide whether it was proper for the court to strike defendant Krakow's answer in response to the alleged jury tampering by Krakow's principal, since such ruling occurred *after* the court had properly directed a verdict in plaintiff's favor.

While the liability verdict was unaffected by any alleged trial errors, the damages verdict was partially infirm. The award for past and future lost wages was entirely speculative and cannot withstand scrutiny. Initially, plaintiff's testimony of prior part-time employment, and new employment acquired on the day of the accident, was vague and unsubstantiated by any tax returns or W-2 forms. Thus, plaintiff's past or future earnings were never established with reasonable certainty *(see, Poturniak v Rupcic*, 232 AD2d 541; *Bunge v New York City Tr. Auth.*, 216 AD2d 264; *Papa v City of New York*, 194 AD2d 527, *lv denied and appeal dismissed* 82 NY2d 918). Indeed, the question of *future* lost earnings should have been removed from the jury's consideration in light of the complete absence of any medical testimony connecting these injuries to plaintiff's claimed inability to work in the future *(see, Easley v City of New York*, 189 AD2d 599).

Finally, although it is clear that plaintiff suffered painful injuries as a result of this accident, the award for past and future pain and suffering deviates materially from what is rea-

sonable compensation under the circumstances (CPLR 5501 [c]; *Adams v Romero, supra; Small v New York City Tr. Auth.*, 225 AD2d 471), and accordingly, we modify to the extent indicated.

We have examined defendants' further contentions and find them to be without merit. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.