■ ANGELO MORENO, Respondent, v ELIE CHEMTOB et al., Appellants. [706 NYS2d 150] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Barbaro, J.), entered January 29, 1999, which, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal amount of $110,000.

Ordered that the judgment is affirmed, with costs.

We find unpersuasive the defendants' contention that the court erred in awarding the plaintiff judgment as a matter of law on the issue of liability. Where, as here, the plaintiff's testimony is uncontradicted and unrefuted, there is no valid line of reasoning or permissible inferences from which the jury could conclude that the defendants were not negligent (*see*, *Razzaque v Krakow Taxi*, 238 AD2d 161; *Adams v Romero*, 227 AD2d 292; *Filippone v All Is. Lease A Car*, 201 AD2d 433, 434; *see also*, *Wendling v Lovejoy*, 154 AD2d 529, 530). Therefore, the court did not err in awarding the plaintiff judgment as a

matter of law on the issue of liability (*see, O'Brien v Covert,* 187 AD2d 419, 420).

During the trial, the plaintiff's experts testified that the plaintiff suffered from a herniated disc at the C5-C6 level and a herniated disc at the L4-L5 level. The jury found that the plaintiff established that he sustained a serious injury in that he suffered a permanent consequential limitation of a body organ or member (*see,* Insurance Law § 5102 [d]), and awarded the plaintiff the principal sum of $110,000 for future pain and suffering.

A jury verdict may be set aside as being against the weight of the evidence only when the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Galimberti v Carrier Indus.,* 222 AD2d 649; *Darmetta v Ginsburg,* 256 AD2d 498; *Gagliardi v Madden,* 207 AD2d 478). Here, the testimony adduced from the plaintiff's medical experts clearly established a basis from which the jury could conclude that the plaintiff sustained a serious injury (*see, Maisonaves v Friedman,* 255 AD2d 494). Although the defendants' medical experts offered a different opinion, it is well settled that the resolution of conflicting expert medical opinions is within the province of the jury (*see, Mendoza v Kaplowitz,* 215 AD2d 735). Here, the issue of credibility was resolved against the defendants by the jury, whose determination was supported by a fair interpretation of the medical evidence and the plaintiff's own testimony (*see, Hulsen v Morrison,* 206 AD2d 459, 460).

The award of damages did not deviate substantially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Tariq v Miller,* 240 AD2d 395; *Brown v Stark,* 205 AD2d 725; *Orris v West,* 189 AD2d 866).

The defendants' remaining contentions are unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.