*279 OPINION OF THE COURT
Per Curiam.
Order entered on or about November 2, 2000 reversed, with. $10 costs, motion denied, complaint reinstated and matter remanded to Civil Court for further proceedings.
Plaintiff, now 71 years old and self-represented, suffered an injury to her eye while an outpatient at the defendant hospital’s ophthalmology clinic. The ensuing action was dismissed on defendant’s oral motion prior to any proof being taken at trial on the ground that plaintiff did not have a medical witness to testify “in this medical malpractice case.” This was error. The papers so far submitted, including plaintiff’s hospital records generated by defendant, tend to indicate that plaintiffs eye injury occurred while plaintiff was being tested with a tonometer by a nonmedical hospital employee and that the cause of the injury was the existence of chemical residue on the tonometer itself. The relevant hospital records insofar as legible read as follows:
“(2) CA OS central — prob 2 degree tonometer tip chemical injury (Clorox disinfectant) irrigation.
“Pt. advised of finding Ct OD 2 degree chemical injury
“Technicians advised of heavy Clorox disposition on tonometer tips and instructed to d/c application pending rinsing all tips in clinic.”
In these circumstances, plaintiffs handwritten endorsed complaint, seeking “damage caused to the person” without any reference or allegation concerning medical malpractice, is fairly read as sounding in simple negligence and not malpractice requiring medical expert opinion (see, Bleiler v Bodnar, 65 NY2d 65; Rogers v Schuyler, 158 AD2d 318). While plaintiff ultimately may need to present expert medical testimony in order to establish the nature, extent and effect of her claimed injuries (see, Razzaque v Krakow Taxi, 238 AD2d 161, 162), there was no threshold requirement that plaintiff adduce such testimony to establish defendant’s liability on the negligence theory discemable from plaintiffs short-form complaint.
Parness, J. P., McCooe and Gangel-Jacob, JJ., concur.