■ PETER WALLACE et al., Respondents, v STONEHENGE GROUP, LTD., et al., Appellants. [822 NYS2d 770]—In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 4, 2005, as denied those branches of their motion pursuant to CPLR 4404 which were to set aside as excessive so much of a jury verdict as awarded damages for past pain and suffering, future pain and suffering, and loss of services and to set aside as unsupported by the record the damages awarded for future medical expenses, and (2) from so much of a judgment of the same court dated July 5, 2005, as, upon the jury verdict, and upon the order, awarded the plaintiff Peter Wallace the principal sums of $800,000 for past pain and suffering, $1,250,000 for future pain and suffering, and $125,000 for future medical expenses, and awarded the plaintiff Mary Lou Wallace the principal sum of $350,000 for loss of services.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the facts, and in the exercise of discretion, the order is vacated, and the motion is granted to the extent that a new trial is granted as to damages only unless, within 30 days after service upon the plaintiff Peter Wallace of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering to the principal sum of $600,000, for future pain and suffering to the principal sum of $675,000, for future medical expenses to the principal sum of $35,800, and to the entry of an amended judgment accordingly, and unless, within 30 days after service upon the plaintiff Mary Lou Wallace of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for loss of services to the principal sum of $100,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Tyberg v Tomasino*, 19 AD3d 405 [2005]; *Pellegrino v Felici*, 278 AD2d 212, 213 [2000]; *Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408, 409 [1997]). In this case, the amount of the damage awards deviated materially from what would be reasonable compensation to the extent indicated herein. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.