■ WELLS FARGO, N.A., Appellant, v MARIELLE TEXTILE, INC., Defendant, and DONALD GELBER, Respondent. [831 NYS2d 708]—Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered May 18, 2005, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, without costs.

Although we find, contrary to the trial court, that a proper foundation was laid for the admission of a microfiche copy of the loan application at issue (*see Briar Hill Apts. Co. v Teperman*, 165 AD2d 519, 521-522 [1991]; *Berrios v Lumbermens Mut. Cas. Co.*, 162 AD2d 365 [1990]), we affirm the dismissal of the complaint based on the trial court's finding of fact that the document sued upon is illegible, necessarily meaning that plaintiff failed to make out a prima facie case. The trial court did not abuse its discretion in denying plaintiff a continuance to secure another witness, since, under the circumstances, the proposed testimony would have been immaterial (*see Armetta v General Motors Corp.*, 158 AD2d 284, 286 [1990]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Malone, JJ.

■ KEVIN TEJEDA, an Infant, by His Parent and Natural Guardian, ANA PICHARDO, et al., Appellants, v WOODYCREST REALTY, L.L.C., Respondent. [831 NYS2d 709]—Appeal from order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered July 19, 2005, which denied plaintiff infant's motion, upon his failure to appear on the return date, to vacate a prior order, same court (Michael DeMarco, J.), entered on or about March 26, 2001, compromising plaintiff's claims, and to restore the action to the calendar, unanimously dismissed, without costs. Appeal from a purported order, same court and Justice, entered October 6, 2005, which purportedly denied plaintiff's motion to vacate the order of July 19, 2005, unanimously dismissed, without costs, as taken from a nonappealable refusal to sign an ex parte order to show cause to vacate the July 19, 2005 order, such appeal deemed an application pursuant to CPLR 5704 (a) to review such refusal, the order to show cause granted, plaintiff directed to personally serve a copy of the order to show cause on defendant's attorneys within 20 days of the date of this order, and the order to show cause made returnable 14 days from the date of such service.

No appeal lies from either an order entered on default (CPLR 5511) or a refusal to grant an order applied for without notice (CPLR 5701 [a] [2]). However, such refusal may be reviewed by way of an application pursuant to CPLR 5704 (a). We grant plaintiff's order to show cause and direct Supreme Court to decide plaintiff's motion to vacate his default. Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.