■ GAYLE R. HUERTER, Respondent, v ASTORIA FEDERAL SAVINGS BANK, Defendant, and BRUCE S. REZNICK et al., Appellants. [875 NYS2d 215]—

In an action, inter alia, to recover damages for negligence and conversion, the defendants Bruce S. Reznick and Peter Piccirillo appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered April 12, 2007, as, upon an order of the same court dated July 25, 2006, granting that branch of the plaintiff's motion which was for summary judgment on the first and second causes of action insofar as asserted against them, and upon an order of the same court dated September 28, 2006, granting that branch of the plaintiff's motion which was for the imposition of a sanction against the defendant Bruce S. Reznick, is in favor of the plaintiff and against them in the principal sum of $22,559.71, and is in favor of the plaintiff and against the defendant Bruce S. Reznick in the principal sum of $9,725.

Ordered that the appeal by the defendant Peter Piccirillo from so much of the judgment as is in favor of the plaintiff and against the defendant Bruce S. Reznick in the principal sum of $9,725 is dismissed, as he is not aggrieved by that portion of the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly granted that branch of the

plaintiff's motion which was for summary judgment on the first and second causes of action, seeking the return of funds wrongfully removed from her bank account, insofar as asserted against the appellants. We reject the appellants' contention that under the mistake of fact doctrine, they should be permitted to retain the funds wrongfully seized (*see Banque Worms v BankAmerica Intl.,* 77 NY2d 362, 366 [1991]; *Bank of New York v Spiro,* 267 AD2d 339 [1999]). The mistake of fact doctrine is not applicable because the plaintiff made no mistake. Rather, the funds were wrongfully seized from her account.

We also reject the appellants' contention that the Supreme Court exhibited bias towards them. The court's decision was based on the merits of the parties' arguments rather than on any alleged bias (*see generally Pourooshasb v Pourooshasb,* 4 AD3d 404 [2004]).

Finally, under the circumstances of this case, the Supreme Court's imposition of a sanction was a provident exercise of its discretion (*see* 22 NYCRR 130-1.1 [a], [c], [d]). Skelos, J.P., Fisher, Balkin and Belen, JJ., concur.