■ ANTHONY STANISICH et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [900 NYS2d 422]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Queens County (Elliot, J.), entered November 21, 2008, which, upon a jury verdict on the issue of liability finding it to be 100% at fault in the happening of the accident, and upon a jury verdict awarding the plaintiff Anthony Stanisich the sum of $500,000 for past pain and suffering, and the sum of $1,500,000 for future pain and suffering, and awarding the plaintiff Madeleine Stanisich the sum of $200,000 for past loss of services, and the sum of $200,000 for future loss of services, is in favor of the plaintiffs and against it.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiff Anthony Stanisich the sum of $1,500,000 for future pain and suffering, and awarding the plaintiff Madeleine Stanisich the sum of $200,000 for past loss of services and $200,000 for future loss of services; as so modified, the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past and future loss of services only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiff Anthony Stanisich serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $1,500,000 to the sum of $1,000,000 and the plaintiff Madeleine Stanisich serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past loss of services from the sum of $200,000 to the sum of $25,000, and for future loss of services from the sum of $200,000 to the sum of $75,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judg-

ment, as so reduced and amended, is affirmed, without costs or disbursements.

The injured plaintiff, Anthony Stanisich (hereinafter Stanisich), was struck by a bus while crossing the street at an intersection as a bus was making a left turn. Stanisich was hospitalized for approximately one week, and underwent surgery and other procedures following his discharge from the hospital. Stanisich and his wife, suing derivatively, subsequently commenced this action.

After a jury trial, the defendant New York City Transit Authority (hereinafter the appellant) was found to be 100% at fault in the happening of the accident. The evidence adduced at trial revealed that Stanisich sustained multiple injuries, including a fractured spine, a cervical sprain, a partial tear of his rotator cuff and nerve damage and, as a result, suffers from pain and a limited range of motion. He also suffers from symptoms such as loss of memory, dizziness, persistent headaches, and difficulty concentrating.

Contrary to the appellant's contention, the Supreme Court did not err in excluding the diagram portion of the appellant's accident report from evidence (see *Williams v Alexander*, 309 NY 283, 286-287 [1955]; *Coker v Bakkal Foods, Inc.*, 52 AD3d 765, 766 [2008]; *Reed v New York City Tr. Auth.*, 299 AD2d 330, 332 [2002]), and therefore, its argument that had the jurors seen the diagram, they likely would have allocated a significant percentage of fault to Stanisich is without merit.

Under the facts of this case, the jury's award for past pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; *Taylor v Martorella*, 35 AD3d 722, 723 [2006]; *Twersky v Busche*, 37 AD3d 704, 704-705 [2007]; *Schwartz v Rosenthal*, 244 AD2d 325 [1997]; *Trosty v Mendon Leasing Corp.*, 233 AD2d 318, 319 [1996]). However, we agree with the appellant that the jury's award for future pain and suffering and for past and future loss of services deviates from what would be reasonable compensation, and is excessive to the extent indicated herein (see CPLR 5501 [c]; see *Wallace v Stonehenge Group, Ltd.*, 33 AD3d 789 [2006]; *Lamuraglia v New York City Tr. Auth.*, 299 AD2d 321 [2002]). Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.