■ JUDITH BURKE, Respondent, v WESLEY V. CARRION, Appellant, et al., Defendant. (Action No. 1.) JUDITH BURKE, Plaintiff, v GENEVIEVE ANN LANKOWICZ et al., Defendants. (Action No. 2.) [957 NYS2d 243]—

The appellant contends that the Supreme Court should have recused itself based on certain comments it made during a prior unrelated trial in which the appellant was a named defendant. Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience (*see Irizarry v State of New York*, 56 AD3d 613, 614 [2008]). Here, contrary to the appellant's contention, the comments cited do not demonstrate that the Supreme Court was biased and, thus, its refusal to recuse itself was not an improvident exercise of discretion (*see Matter of O'Donnell v Goldenberg*, 68 AD3d 1000 [2009]). Moreover, to the extent the appellant's contentions concerning the Supreme Court's alleged bias are not based on matter dehors the record, the appellant failed to demonstrate that the court exhibited bias toward him during the instant trial (*see Huerter v Astoria Fed. Sav. Bank*, 60 AD3d 815, 816 [2009]).

The Supreme Court properly denied the appellant's motion to preclude the plaintiff's counsel from arguing in summation that the decedent wore diapers as a result of the appellant's malpractice, as there was sufficient evidence presented to establish causation (*see generally Razzaque v Krakow Taxi*, 238 AD2d 161, 162 [1997]).

The appellant's challenges to the verdict sheet are without merit.

The awards of damages for past and future pain and suffering do not deviate materially from what would be reasonable compensation (*see DiGiacomo v Cabrini Med. Ctr.*, 21 AD3d 1052, 1054-1055 [2005]; *Knight v Loubeau*, 309 AD2d 579, 580-581 [2003]; *Stokes v New York Med. Group*, 304 AD2d 449 [2003]). However, with respect to the awards of damages for past and future loss of services, although legally sufficient evidence and a fair interpretation of the evidence supports the jury's determination to award damages in that regard (*see Nicastro v Park*, 113 AD2d 129, 132-133 [1985]), the damages are excessive to the extent indicated (*see Stanisich v New York City Tr. Auth.*, 73 AD3d 737, 738 [2010]; *Wallace v Stonehenge Group, Ltd.*, 33 AD3d 789, 790 [2006]; *Becker v Woods*, 24 AD3d 706, 707 [2005]).

In light of our determination, the appellant's contention that the award of damages for future loss of services must be reduced in accordance with CPLR 5035 (repealed by L 2003, ch 86, § 3) is academic since, in the event the plaintiff stipulates to a reduction of the award of damages for future loss of services, the award is below the lump sum threshold of $250,000 (*see* former CPLR 5035; *see also Stinton v Robin's Wood, Inc.*, 45 AD3d 203, 210-211 [2007]).

The appellant's remaining contentions are unpreserved for appellate review, as he either failed to object or did not object on the grounds now raised on appeal. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.