■ WILLIAM URQUHART, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [633 NYS2d 206] —In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered June 12, 1992, which, upon a jury verdict finding the defendant 90% at fault in the happening of the accident and the plaintiff 10% at fault and awarding damages of $384,000 ($9,000 for out of pocket expenses and $375,000 for past and future pain and suffering), is in favor of the plaintiff and against the defendant in the principal sum of $345,600 ($384,000 less 10%). By decision and order dated November 29, 1993, this Court reversed the judgment and dismissed the complaint on the ground that the plaintiff had failed to establish a prima facie case *(see, Urquhart v New York City Tr. Auth.,* 198 AD2d 496). The Court of Appeals reversed the order of this Court, reinstated the judgment, and remitted the matter here for determination of those issues raised by the parties but not decided by this Court *(see, Urquhart v New York City Tr. Auth.,* 85 NY2d 828).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which awarded damages to the plaintiff for past and future pain and suffering, and substituting therefor a provision severing the plaintiff's causes of action to recover damages for past and future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past and future pain and suffering from the sum of $375,000 to the sum of $150,000 (less 10%, representing the plaintiff's share of the

fault in the happening of the accident) and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

The 76-year-old plaintiff fell and was injured while riding as a passenger on the defendant's bus. The plaintiff suffered a torn meniscus of the left knee among other injuries. At the time of trial, he continued to suffer from pain in his knee at night and when he put his full weight on it. He was also developing arthritic changes due to the injury.

The defendant contends, among other things, that the trial court erred by instructing the jury, pursuant to PJI 2:162, regarding the additional duty of care and aid imposed on a common carrier toward a disabled passenger. Throughout the trial, the plaintiff had insisted that he was not disabled or infirm prior to the accident, despite the fact that he was 76 years old, and weighed 330 pounds (he was 5 feet, 11 inches tall). The bus driver, the defendant's employee, testified that the plaintiff had gotten on the bus carrying a cane or walking stick, and the defense attempted to prove that the plaintiff had fallen due to a pre-existing arthritic knee condition. The plaintiff testified that he had been carrying a pipe for protection, not a cane or walking stick, and insisted that he had no knee condition prior to the accident. Thus, the defendant argues that the plaintiff's position at trial, that he had no disability or infirmity, was a judicial admission, and so, the charge pursuant to PJI 2:162 should not have been given. We disagree. Under the circumstances of this case, the plaintiff's testimony at trial did not constitute a formal judicial admission, and the plaintiff could rely on the defense witnesses and evidence to put the issue of any alleged pre-existing disability or infirmity before the jury (see, Skelka v Metropolitan Tr. Auth., 76 AD2d 492).

However, we find that the damage award for pain and suffering was excessive to the degree indicated, in that it materially deviated from what would be reasonable compensation under the facts and circumstances of this case (see, CPLR 5501 [c]; Hulsen v Morrison, 206 AD2d 459).

We have examined the defendant's remaining contentions, and find them to be without merit. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.