■ ROBERT SKOW, Respondent-Appellant, v JONES, LANG & WOOTON CORP. et al., Respondents-Appellants, et al., Defendant. JONES, LANG & WOOTON CORP. et al., Third-Party Plaintiffs-Respondents-Appellants, v ABS PUMP REPAIR, INC., Third-Party Defendant-Appellant-Respondent. [657 NYS2d 709] —Judgment, Supreme Court, New York County (Paula Omansky, J., and a jury), entered March 11, 1996, awarding plaintiff, *inter alia*, $10,000 for past pain and suffering and $7,000 for future pain and suffering, and apportioning liability 40% against defendants and third-party plaintiffs building owner and managing agent and 60% against third-party defendant pump repair company, plaintiff's employer, unanimously modified, on the law and the facts, to award defendants and third-party plaintiffs judgment as a matter of law on their cause of action for common-law indemnification against third-party defendant, and to remand the matter for a new trial on the issue of damages only, and otherwise affirmed, without costs and disbursements, unless defendants and third-party defendant stipulate to the entry of an amended judgment awarding plaintiff $175,000 for past pain and suffering and $125,000 for future pain and suffering, in which event the judgment, as so modified and amended, is affirmed, without costs.

Plaintiff claims that together with an employee of defendant managing agent and another person, he was carrying a 200-pound hot water circulating pump down a ship's ladder of the rooftop engine room when the employee and the other person lost control of the bottom end of the pump, forcing plaintiff to hold the full weight of the pump so that it would not fall on the two below him. As a result, plaintiff suffered back injuries. We reject defendants' and third-party defendant's contention that these allegations do not state a cause of action under Labor Law § 240 (1). The removal of the pump from the engine room for the purpose of repairing it constituted the repair of a structure within the meaning of the statute, not routine maintenance (*Holka v Mt. Mercy Academy*, 221 AD2d 949, *lv dismissed* 87 NY2d 1055), and posed an elevation-related hazard for which the ship's ladder proved inadequate (*supra; see also, Kirchner v BRC Human Servs. Corp.*, 224 AD2d 270; *Oprea*

*v New York City Hous. Auth.*, 226 AD2d 310), and which, according to expert testimony, called for the provision of a hoisting device. The opinion of plaintiff's expert that hoisting equipment should have been used was admitted upon a proper foundation, including proof that the expert took measurements of the ship's ladder, the opening to which it led and the pump. That plaintiff neither fell from a height nor was struck by a falling object does not require dismissal of his section 240 (1) claim, the proof being sufficient to show that his injury was caused by his effort to prevent the pump from falling (*see, Wensley v Argonox Constr. Corp.*, 228 AD2d 823, *lv dismissed* 89 NY2d 861; *Prekulaj v Terano Realty*, 235 AD2d 201). There is no merit to defendants' argument that the court's charge on section 240 (1) did not adequately set forth the correct legal principles.

However, the trial court did err in not granting defendants a directed verdict on their cause of action for common-law indemnification against third-party defendant, plaintiff's testimony clearly establishing that it controlled and supervised the pump removal work (*see, Guillory v Nautilus Real Estate*, 208 AD2d 336, 338-339, *appeal dismissed and lv denied* 86 NY2d 881), and we modify accordingly.

We also find that, to the extent indicated, the damages awarded for past and future pain and suffering deviate materially from what is reasonable compensation for plaintiff's herniated disc, which required steroid injections and ultimately surgery, has rendered plaintiff unable to lift heavy loads, and will require pain medication indefinitely (*cf., Peck v Tired Iron Transp.*, 209 AD2d 979; *Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063; *Ostrowski v Apex Mar. Corp.*, 123 AD2d 257, 259). Concur—Wallach, J. P., Rubin, Williams and Andrias, JJ.