■ Caroline Y. Duff et al., Respondents, v Ralph E. Mariani et al., Appellants. [670 NYS2d 615] —Yesawich Jr., J. Appeal

from a judgment of the Supreme Court (Work, J.), entered December 18, 1996 in Ulster County, upon a verdict rendered in favor of plaintiffs.

In this automobile accident case, the only issue before the jury was that of damages. After hearing the testimony of each of the plaintiffs, their treating physicians and psychologists, and defendants' experts, the jury awarded plaintiff Caroline Y. Duff—who suffered a closed-head injury, a broken nose and a cervical sprain—a total of $763,556.22, including $250,000 for past pain and suffering and $425,000 for future pain and suffering. Plaintiff Mark C. Peritz, a self-employed carpenter who sustained, *inter alia*, permanent injuries to his right knee and foot, was awarded $225,479.76, including $100,000 for past pain and suffering, $33,000 for lost business profits, and $50,000 for future pain and suffering. Defendants' motion to set aside the verdict as excessive and against the weight of the evidence was denied, prompting this appeal.

Defendants take issue with the amounts awarded to each plaintiff for past and future pain and suffering, as well as with the portion of the verdict intended to compensate Peritz for his lost business earnings. The medical practitioners called on plaintiffs' behalf testified that as a consequence of the accident, Duff, who was 48 years old at the time of the accident, suffers from postconcussive syndrome, which has resulted in brain damage affecting her memory, concentration and other mental processes, an increased sensitivity to noise and light, and frequent, severe headaches, all of which are believed to be permanent. To the extent that defendants' expert disagreed with these findings—significantly, he conceded that Duff was suffering from both a cervical injury and postconcussive syndrome, and that the organic brain damage causing the latter might not appear on a CT scan or MRI—his testimony merely presented questions of credibility, which the jury was entitled to resolve in Duff's favor.

The practical effects of Duff's ongoing mental and sensory deficits, and her daily headaches, were amply detailed. Given the debilitating nature of these injuries, which have greatly curtailed her ability to engage in many of the activities she enjoyed prior to the accident, the awards for her past and future pain and suffering do not deviate materially from reasonable compensation (*see, Trosty v Mendon Leasing Corp.*, 233 AD2d 318; *Connor v City of New York*, 178 AD2d 359, 360; *Rowan v County of Nassau*, 91 AD2d 608, 609, *lv denied* 58 NY2d 609).

Nor is Peritz's award excessive. The proof establishes that

his knee injury caused him considerable pain, both directly and because of the surgery he underwent in an attempt to alleviate the effects of a torn cartilage. In addition, he suffered for a time from headaches and neck pain, which eventually subsided, and sustained foot injuries which remain painful. Peritz's injuries prevented him from working for approximately 18 months—which, in turn, caused feelings of anger for which he was referred to, and treated by, a psychotherapist—and ultimately resulted in a permanent 15% loss of use of his knee and foot. Moreover, there was testimony that he will probably require additional arthroscopic surgery in the future and might need a knee replacement, due to continuing degeneration brought about by the initial trauma. Peritz, who was 42 years old at the time of the accident, testified that he can no longer run or do certain kinds of work without assistance because of his orthopedic injuries.

Under these circumstances, an award of $150,000 for Peritz's past and future pain and suffering is not unreasonable (*see, Remeneski v McDonald*, 237 AD2d 204; *Urquhart v New York City Tr. Auth.*, 221 AD2d 336, *lv denied* 87 NY2d 811; *Burton v New York City Hous. Auth.*, 191 AD2d 669, 670). The $33,000 award for Peritz's lost earnings is also adequately supported by the record evidence, which indicates that he was unable to work for 18 months, and that although he had been building a home for himself prior to the accident and therefore had not received a significant amount of cash income during that time, he had previously earned approximately $1,800 per month.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, with costs.