■ Robert J. Turchioe, Appellant-Respondent, v AT&T Communications, Inc., et al., Respondents-Appellants. AT&T Communications, Inc., Third-Party Plaintiff-Appellant, v Richards Conditioning Corp., Third-Party Defendant-Respondent. James A. Jennings Co., Inc., Second Third-Party Plaintiff-Appellant, v Richards Conditioning Corp., Second Third-Party Defendant-Respondent. [682 NYS2d 378] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 10, 1998, which, in an action under Labor Law § 240 (1), § 241 (6) and § 200 and for common-law negligence by a laborer against the site owner and general contractor, and third-party actions by the owner and general contractor against plaintiff's employer, a subcontractor, *inter alia,* granted motions by the owner, general contractor and employer for summary judgment dismissing plaintiff's complaint and any third-party actions and cross claims against them to the extent of dismissing plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6), unanimously modified, on the law, to dismiss the complaint in its entirety, as well as all cross claims and third-party actions, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint in its entirety as well as all cross claims and third-party actions.

Plaintiff alleges that as he and a co-worker were manually transporting a heavy device known as a ductlift up a permanent stairway from the basement to the first floor, with plaintiff proceeding up the stairs first, the co-worker crouched, causing the full weight of the ductlift to be shifted up against plaintiff's shoulder, injuring his back. The section 240 (1) claim was properly dismissed because the lifting activity in which plaintiff was engaged is not the kind of " 'special hazard[ ]' that arise[s] when the work site either is itself elevated or is positioned below the level where 'materials or load [are] hoisted or secured' " (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *cf., Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *compare, Skow v Jones, Lang & Wooton Corp.,* 240 AD2d 194). The section 241 (6) claim was properly dismissed because no evidence was offered tending to show that the lighting on the stairway was in violation of 12 NYCRR 23-1.30 or that, assuming the presence of debris on the stairway in violation of 12 NYCRR 23-1.7 (e), such was the cause of plaintiff's co-worker's crouching. The section 200 and common-law negligence claims should have been dismissed for lack of evidence tending to

show that either the owner or the general contractor exercised any supervisory control over the manner in which the ductlift was transported from the basement (*see, Lombardi v Stout*, 80 NY2d 290, 295). The third-party actions' and all cross claims are dismissed as a necessary consequence of dismissing the complaint in its entirety. Concur—Lerner, P. J., Wallach, Tom and Andrias, JJ.