CECELIA BOROWIAK, Respondent, v MARK A. KWITZER, Appellant. [689 NYS2d 827] —Judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this action to recover for personal injuries that she sustained in a collision between a vehicle driven by defendant and one driven by plaintiff's sister in which plaintiff was a passenger. Defendant appeals from a judgment awarding plaintiff $503,792.50, inclusive of costs, disbursements and interest. The judgment is based upon a jury verdict awarding plaintiff $250,000 for past pain and suffering and $300,000 for future pain and suffering, and finding defendant 100% at fault for the injuries. Defendant had attempted to establish the fault of plaintiff's sister, a nonparty, who had settled with plaintiff for $60,000 prior to commencement of the action; the verdict was reduced by the amount of that settlement.

Defendant argues that the finding of liability is against the weight of the evidence, that the damages award is excessive, and that Supreme Court erred in precluding defendant from questioning plaintiff and her sister regarding their settlement.

After hearing conflicting testimony concerning which vehicle had the right-of-way, the jury credited the testimony of plaintiff and her sister. "[A] jury's verdict should not be set aside as against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion * * * or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence [citations omitted]" (*Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608).

The award of damages is not excessive, but is justified by plaintiff's suffering and anxiety in the immediate aftermath of the accident, in which plaintiff was pinned in the vehicle; the painful and slow-healing fracture of plaintiff's neck; the permanent pain and limitation in plaintiff's neck as a result of the injury; plaintiff's well-founded fear of sustaining a reinjury that could result in paralysis; and other serious injuries and

scarring to plaintiff's face and leg. The award does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Ruso v Osowiecky*, 256 AD2d 839; *Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, *lv denied* 92 NY2d 817; *Duff v Mariani*, 248 AD2d 905, 906-907; *cf., Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194, 195; *Leonard v Unisys Corp.*, 238 AD2d 747, 750; *Adams v Romero*, 227 AD2d 292; *Peck v Tired Iron Transp.*, 209 AD2d 979, 980; *Brown v Stark*, 205 AD2d 725).

Defendant has failed to preserve for our review his challenge to the court's order precluding evidence of the settlement. Defendant's attorney addressed other aspects of plaintiff's motion *in limine*, but failed to oppose the request to preclude evidence of the settlement. Further, on cross-examination of plaintiff and her sister, defendant's attorney did not question those witnesses about their settlement. Not until the end of trial, after all the witnesses had testified, did defendant's attorney raise this issue by seeking to call plaintiff's sister as a rebuttal witness in order to inquire whether her insurer had settled with plaintiff. The court properly rejected defendant's belated attempt to inject that issue into the trial. (Appeal from Judgment of Supreme Court, Erie County, Mahoney, J.— Negligence.) Present—Denman, P. J., Pine, Pigott, Jr., Hurlbutt and Balio, JJ.