■ PAUL FRASCARELLI, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [702 NYS2d 889] —In an action to recover damages for personal injuries based upon an assault and battery, the defendant appeals from so much of a judgment of the Supreme Court, Queens County (Goldstein, J.), dated October 13, 1998, as, upon a jury verdict finding it 100% at fault in the happening of the occurrence, and upon an order of the same court granting its motion to set aside the jury verdict on the issue of damages as excessive to the extent that the verdict on that issue was set aside unless the plaintiff stipulated to reduce the verdict as to damages for past pain and suffering from $300,000 to $225,000, and for future pain and suffering from $400,000 to $225,000, and upon the plaintiff's stipulation so reducing the damages, is in favor of the plaintiff and against it in the principal sum of $225,000 for past pain and suffering and $225,000 for future pain and suffering.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which awarded the plaintiff $225,000 for future pain and suffering and substituting therefor a provision severing the cause of action to recover damages for future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, unless within 30 days after the service upon him of a copy of this decision and order, with the notice of entry, the plaintiff shall serve and file in the Office of the Clerk of the Supreme Court, Queens County, a written stipulation, signed by him, consenting to further reduce the verdict as to damages for future pain and suffering from the principal sum of $225,000 to $150,000; in the event that the plaintiff so stipulates, then the judgment, as so further reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The record reveals that the plaintiff, a ticket agent for Austrian Airlines at the time of the accident, was beaten by three Port Authority police officers as he pushed through the crowd on his way to work at Kennedy Airport. As a result of the assault, the plaintiff, *inter alia,* sustained nonpermanent

bruises. He also suffered a torn medial meniscus, which was removed during arthroscopic surgery. At some point after the surgery, he experienced muscle atrophy, but at the time of trial, the one-inch atrophy of the quadriceps muscle in the left thigh found in 1996 had been reduced to three-eighths of an inch. According to the plaintiff's expert, he could develop arthritis due to the loss of the meniscus. At the time of trial, the plaintiff testified that he had trouble squatting, experienced pain when he walked more than 45 minutes, and could no longer play basketball.

Given these facts, the damages awarded for future pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances (*see*, CPLR 5501 [c]; *see generally, Burton v New York City Hous. Auth.*, 191 AD2d 669; *Castellano v City of New York*, 183 AD2d 800). O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.