(January 21, 2003)

■ PASQUALE DONATIELLO et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [754 NYS2d 9] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or

about April 2, 2002, which directed a new trial on the issue of plaintiff Pasquale Donatiello's (Pasquale) damages unless he stipulated to reduce the jury's awards for past and future pain and suffering from $100,000 to $50,000 and from $250,000 to $75,000, respectively, directed a new trial on the issue of plaintiff Salvatore Donatiello's (Salvatore) damages unless he stipulated to reduce the jury's award for past pain and suffering from $50,000 to $20,000, and directed a new trial on the issue of plaintiff Marianna Donatiello's (Marianna) damages unless she stipulated to reduce the jury's award for loss of consortium from $30,000 to $15,000, unanimously modified, on the facts, to vacate the reduction of Pasquale's jury award for past pain and suffering, and otherwise affirmed, without costs.

With one exception, the trial court properly reduced the jury's awards as deviating materially from reasonable compensation under the circumstances (CPLR 5501 [c]; *see Donlon v City of New York*, 284 AD2d 13). Pasquale's accident-related injuries were a herniated disc at L4-L5 with nerve root compression, soft tissue injuries to the neck and shoulder and sporadic limited range of motion in lumbar flexion. As a consequence, Pasquale lessened his work as a plumber for approximately a year. Pasquale still feels pain in the lower back and wears a back support belt, but there has been little reduction in his daily activities and his need for surgery is speculative. In these circumstances, the trial court's reduction of Pasquale's jury award for past pain and suffering was unwarranted (*cf. Calo v Perez*, 211 AD2d 607), but the reduction of his award for future pain and suffering was appropriate. Also appropriate under the circumstances was the trial court's reduction of Salvatore's award for past pain and suffering. Salvatore's injuries were neck and shoulder pain and headaches, but no permanent restricted range of motion or curtailment of his regular daily activities. He missed only two days of school and returned without seeing a doctor. Salvatore received regular chiropractic treatment for five months and he testified that at the time of trial he was fully recovered (*cf. Molter v Gaffney*, 273 AD2d 773). We have considered plaintiffs' other contentions and find them to be unavailing. Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.