Allen v Amzoski (2004 NY Slip Op 50071(U))

[*1]

Allen v Amzoski

2004 NY Slip Op 50071(U)

Decided on February 16, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 16, 2004

Supreme Court, Bronx County
 
 ENNA ALLEN, Plaintiff, 
against
MUSTAFA AMZOSKI and BAJRAM AMZOSKI, Defendants.
Index No. 26419/1999

Dianne T. Renwick, J.
The following documents were considered in reviewing defendants' post-trial motion, for an order setting aside the jury verdict on damages as excessive:
Papers  Numbered
Defendants' Affirmation In Support of Motion1,2 (exhibits)
Plaintiff's Affirmation in Opposition to Motion3 (exhibits)
The Court presided over this personal injury action stemming from a two- car, automobile accident. The jury awarded plaintiff Enna Allen $415,000.00 in damages for past and future pain and suffering. Defendants Mustafa Amzoski and Bajram Amzoski now move pursuant to CPLR §5501(c) for an order setting aside the jury damages award as excessive, e.i., deviating materially from what should be reasonable compensation under the circumstances of this case. 
Factual Background and Procedural History
The automobile accident occurred on October 17, 1998, in the County of the Bronx. At the time of the accident, plaintiff was riding as a passenger in a livery cab operated by defendant Peralta. The cab had stopped at the intersection of East 198th Street and Cambling Avenue, waiting for the light to turn green, when it was rear ended by a car owned by defendant Mustafa Amzoski and operated by defendant Bajram Amzoski.
Before trial, defendant Peralta was granted summary judgment dismissing the action against him. Simultaneously, summary judgment was granted in favor of plaintiff and against defendants Mustafa and Bajram Amzoski on the issue of liability, upon the finding that defendant Bajram Amzoski's negligent driving caused the rear-end collision. The case proceeded to trial on the threshold issue of the no-fault, serious injury, and damages.
At the trial, plaintiff presented a medical expert, Dr. William Kulak, an orthopedic surgeon. He testified that plaintiff had sustained bulging disks as a result of the automobile accident. Reportedly, the injury worsened into herniated disks at L4-L5 and L5-S1. Conversely, [*2]defendants' expert, Dr. R.C. Krishna, testified that plaintiff had only suffered cervical and lumbosacral sprains which had been resolved by the time he examined plaintiff in November of 2001. The jury found that plaintiff had suffered a serious injury as a result of the automobile accident and awarded plaintiff damages of $115,000.00 for past pain and suffering and $300,000.00 for future pain and suffering fo a period of fifteen years. Defendants now move to set aside the jury verdict on damages, as deviating materially from what should be reasonable compensation under the circumstances of this case.

Discussion
In setting aside a jury award of damages as inadequate or excessive pursuant to CPLR §5501(c), the court must find that such award "deviates materially from what would be reasonable compensation." The 1986 amendment to CPLR §5501(c) replaced the prior "shocks the conscience" review. Harvey v. Mazal American Partners, 79 N.Y.2d 218, 225 (1992). This new standard "in design and operation, influences outcomes by tightening the range of tolerable awards." Gasperini v. Center for Humanities, 518 U.S. 415, 425 (1996).
 Generally, the method of that review is to evaluate whether the appealed award deviates materially from comparable awards. Donlon v. City of New York, 284 A.D.2d 13, 14 (1st Dept. 2001). For more than a decade appellate review has been performed by analogizing an appealed case with relevant precedent and "tightening the range" to accomplish the purposes of the 1986 reform. Donlon v. City of New York, 284 A.D.2d at 14. "Such a method cannot, due to the inherently subjective nature of non-economic awards, be expected to produce mathematically precise results, much less a per diem pain and suffering rate." Donlon v. City of New York, supra. This "task necessarily involves identification of relevant factual similarities and the application of reasoned judgment." Donlon v. City of New York, supra, at 14.
Although CPLR §5501(c) expressly addresses the Appellate Division's authority to overturn a jury's damage verdict, its "material deviation" standard has been applied to trial courts. See, Ashton v. Bobruitsky, 214 A.D.2d 630, 631 (2d Dept. 1995) ("the trial court had the power ... to set [the verdict] aside if it found that the verdict deviated materially from what would be reasonable compensation.") See, also, Inya v. Ide Hyundai, Inc., 209 A.D.2d 1015 (4th Dept. 1994) (error for trial court to apply old "shocks the conscience" test to motion to set aside damages; proper test is "deviates materially" standard); Cochetti v. Gralow, 192 A.D.2d 974, 975 (3rd Dept. 1993) ("settled law" that "deviates materially" standard applies at the trial court level); Shurgan v. Tedesco, 179 A.D.2d 805 (2d Dept. 1992) (approving trial court's use of "deviates materially" test); see, also, Gasperini v. Center for Humanities. Inc., 518 U.S. 415, 135 L. Ed 2d 659 (1996) ("although phrased as a direction to New York's intermediate appellate courts, 5501(c)'s 'deviates materially' standard, as construed by New York's courts, instructs state trial judges as well.") Ultimately, when comparing injuries and awards, it is incumbent upon the court to consider not only the type of injury and the level of pain, but the period of time for which that pain is being calculated. Garcia v. Queens Surface Corp., 271 A.D.2d 277 (1st Dept. 2000).
In accordance with the foregoing, this Court has examined the most recent
damages awards in reported cases in the First Department in which plaintiffs have suffered back injuries, in the nature of herniated disks. Most recent awards to which the Appellate Division has granted its imprimatur, in cases involving comparable injuries have been significantly lower than the award in this case. For instance, in Newman v. Aiken, 278 A.D.2d 1156 (1st Dept. 2000), the [*3]trial court found an award of $10,000.00 and $0 for past and future pain and suffering to be inadequate and increased it respectively to $75,000.00 and $50,000.00 for a total award of $125,000.00. In Newman v. Aiken, supra, plaintiff's injuries consisted of several herniated disks with root impingement. The Appellate Division sustained the increased damage award.
In contrast, in Donatiello v. City of New York, 301 A.D.2d 436 (1st Dept. 2003), the Appellate Division reduced a jury award for past and future pain and suffering, from $350,000.00 to $175,000.00. In Donatiello v. City of New York, supra, plaintiff suffered a herniated disk with root compression, soft tissue injuries of the neck and shoulders, sporadic limitation of range of motion in lumbar flexion. At the time of trial, plaintiff still felt pain in his lower back. However, there had been little reduction of his daily activities and his alleged need for surgery was speculative. Under the circumstances, the Appellate Division upheld the $100,000.00 award for past pain and suffering, but found the $250,000.00 award for future pain and suffering excessive and reduced it to $75,000.00.
Conversely, in Skow v. Jones, Lange & Wooton, Corp., 240 A.D.2d 194 (1st Dept. 1007), the Appellate Division found an award for past and future pain and suffering of $10,000.00 and $7,000.00 to be inadequate. In Skow, supra, plaintiff sustained a herniated disk which required steroids and ultimate surgery. It rendered plaintiff unable to lift heavy loads and required medication indefinitively. Under the circumstances, the Appellate Division increased the award for past and future pain and suffering to $300,00.00, consisting of $175,000.00 for past pain and suffering and $125,000.00 for future pain and suffering.
These cases, involving the same type of back injury involved in this case, a herniated disk, provide a clear indication that the award in this case for past and future pain and suffering was excessive. Indeed, in the aforementioned cases, plaintiffs sustained back injuries that were more severe than the back injuries sustained in this case. For instance, the herniated- disk injuries sustained in Newman, supra, and Donatiello, supra, included root impingement and root compression, neither of which is the case here. Similarly, in Skow, supra, the herniated disk required steroid injection and ultimate surgery, neither of which is the case here. Thus, while the injuries here pale in comparison to the aforementioned cases, the award was significantly higher than in those cases.
In short, without minimizing the severity of plaintiff's injury or the impact it has had on her life, and recognizing that the injuries of different persons are not capable of exact or objective comparison, this Court finds that the jury award of $450,000.00 for past and future pain and suffering deviates materially from what is reasonable compensation. Cf. Donatiello v. City of New York, supra, 301 A.D.2d 436; Newman v. Aiken, supra, 278 A.D.2d 1156; Skow v. Jones, Lange & Wooton, Corp., 240 A.D.2d 194. Rather, given the previously discussed case law, and considering all the relevant circumstances, $125,000 ($75,000 for past and $50,000 for future) pain and suffering damages represents an appropriate award.
Cf. Donatiello v. City of New York, supra, 301 A.D.2d 436; Newman v. Aiken, supra, 278 A.D.2d 1156; Jordan v. Donat, 255 A.D.2d 242 (1st Dept. 1998).

Conclusion
For the foregoing reasons, this Court grants defendants' motion to set aside the jury verdict on damages as deviating materially from what should be reasonable compensation under the circumstances of this case, but only to the extent that it grants a new trial on the issue of [*4]damages unless, within 30 days of service of a copy of the Decision and Order with notice of entry, plaintiff executes a stipulation agreeing to reduce the jury award for past and future pain and suffering from $450,000.00 to $125,000.00 ($75,000.00 for past and $50,000.00 for future pain and suffering).
This constitutes the Decision and Order of the Court.
Bronx, New York Hon. Dianne T. Renwick, J.S.C.
Decision Date: February 16, 2004