OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and a new trial ordered limited to the issue of damages unless plaintiff Juan Ramirez, within 30 days after service upon him of a copy of the order entered hereon, with notice of entry, shall serve and file in the office of the Clerk of the Civil Court, Kings County, a written stipulation signed by plaintiff Ramirez consenting to decrease the verdict as to damages from the principal sum of $979,000 to the principal sum of $350,000, representing $300,000 for past pain and suffering and $50,000 for future pain and suffering, and to the entry of a judgment amended accordingly; in the event that plaintiff Juan Ramirez so stipulates, then the judgment, as so decreased and amended, is affirmed without costs.
The jury’s verdict on the issue of liability should not be disturbed. Vehicle and Traffic Law § 1104, reciting the privileges afforded the driver of an authorized emergency vehicle, sets forth the standard of care which an emergency vehicle driver must adhere to as follows: “The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.” (Vehicle and Traffic Law § 1104 [e].)
The court charged this statute to the jury. The relevant inquiry on appeal is whether “there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial” (Campbell v City of *48 Elmira, 84 NY2d 505, 509 [1994] [internal quotation marks omitted]). Based on this stringent standard, and in light of the evidence introduced at the trial, the conclusion reached by the jury that the police officer acted with reckless disregard for the safety of others should be sustained.
The defendant was not prejudiced by the court’s failure to redact the portion of the police investigator’s report which stated that the driver of the police vehicle misjudged the clearance while attempting to pass the other vehicle because the standard of care in this case was not whether the driver of the police car was negligent but whether he drove with reckless disregard for the safety of others (Vehicle and Traffic Law § 1104).
At the damage portion of the trial, plaintiff established that he suffered a serious injury under the No-Fault Law. He spent 23 of the first 35 days after the accident in the hospital. He had arthroscopy and arthroplasty performed on his right knee 10 months after the accident. The postoperative diagnosis was traumatic chondromalacia with patella and femoral condyles and traumatic condyles and traumatic synovitis. Sixteen months after the accident he underwent a meniscectomy for a torn medial meniscus. Seventeen months after the accident part of his left clavicle was removed due to pain and disability which was unresponsive to nonoperative treatment. Eighteen months after the accident a diagnostic arthroscopy and synovectomy was performed on plaintiffs left knee due to traumatic synovitis. Plaintiffs doctor testified that all these injuries were caused by the accident.
The verdict of $979,000 which included $300,000 for past pain and suffering and $679,000 for future pain and suffering was excessive. Considering the nature and extent of the plaintiffs injuries, the award for future pain and suffering deviated materially from what would be reasonable compensation to the extent that it exceeds $50,000 (see CPLR 5501 [c]; Frascarelli v Port Auth. of N.Y. & N.J., 269 AD2d 422 [2000]; Jakobson v Multi Hacking Corp., 2003 NY Slip Op 51099[U] [App Term, 2d & 11th Jud Dists]).