■ MICHAEL F. CASSADEI, Appellant, v COUNTY OF SCHENECTADY et al., Defendants, and STACEY JEWETT et al., Respondents. [857 NYS2d 306]——

Cardona, P.J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered June 18, 2007 in Schenectady County, which, among other things, denied plaintiff's motion for a default judgment against certain defendants, without prejudice to renewal.

Plaintiff commenced this conversion action against various parties who allegedly came in contact with funds stolen from his home, or items purchased with part of those funds. When defendants Stacey Jewett, Thomas Anderson, Mario Pecoraro and H & K Towing did not appear in the action, plaintiff moved for default judgments against them. Supreme Court denied the motion based upon the insufficiency of plaintiff's papers, without prejudice to renewal upon the submission of proper papers. Plaintiff appeals.[1]

We affirm. CPLR 3215 (f) provides that upon an application for default judgment, proof of the facts constituting the claim

---

1. Jewett's request for dismissal of the complaint as against her is not properly before this Court inasmuch as she has not appealed from Supreme Court's order denying her such relief (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]).

must be supplied through either the applicant's affidavit or a verified complaint. Here, the complaint is not verified and plaintiff's affidavit does not provide proof of a conversion by any of the four defendants at issue herein.[2] Even assuming that certain additional material submitted by plaintiff may be considered (cf. Woodson v Mendon Leasing Corp., 100 NY2d 62 [2003]), he has not established a viable conversion claim against these defendants. Accordingly, the motion for default judgment was properly denied.

Mercure, Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

2. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006] [citation omitted]).