In the Matter of SHARYN PP., Appellant, v RICHARD QQ., Respondent. (And Two Other Related Proceedings.) [921 NYS2d 656]—

Egan Jr., J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered November 17, 2009, which, among other things, dismissed petitioner's application, in three proceedings pursuant to Family Ct Act articles 6 and 8, for modification of a prior order of custody and visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of three children, Megan QQ. (born in 1991), Brandon QQ. (born in 1993) and Victoria QQ. (born in 1995). In 2004, the parties stipulated to an order in which they would share joint legal custody of the children, with the father having sole physical custody and the mother having certain supervised parenting time. Based on her diagnoses as a polysubstance abuser, the mother was further ordered to enroll in substance abuse counseling and was granted leave to apply for increased and unsupervised visitation upon her compliance with recommendations of her substance abuse counselor. In June 2006, after a period of two years in which the mother had little contact with the children due to bouts of mental illness and substance abuse, Family Court granted the father sole legal and physical custody, with the mother having certain supervised visitation, which could, again, be increased upon the mother's compliance with substance abuse counseling. In December 2008, the parties consented to an order (entered in April 2009) altering the times of the mother's visitation, but the 2006 order otherwise remained unchanged.[1]

In February 2009, the mother commenced the first of these proceedings seeking sole custody of the children alleging, among

---

1. Family Court refers to the 2006 order as being dated May 9, 2006. In fact, the 2006 order was dated and entered June 26, 2006.

other things, that the father mentally, physically and sexually abused the children, that the children should decide where they want to live and that she had successfully completed a substance abuse treatment program.[2] At the same time, the mother filed a violation petition against the father claiming, among other things, that he was not abiding by the visitation schedule. Then, in March 2009, premised on allegations that the father had turned off the hot water while Megan was in the shower and that he had subjected her to interrogation-like questioning, the mother filed a family offense petition against the father. Based on a letter from the father, which Family Court treated as both an answer and a motion to dismiss, Family Court dismissed the mother's February 2009 violation petition and that part of the modification petition asserting allegations of abuse and that the children should decide where they want to live as a basis for demonstrating a change in circumstances.

In April 2009, the father commenced a proceeding alleging that the mother violated the existing custody order in that, among other things, she had an unsupervised visit with Megan and signed a consent form to allow Megan to get her nose pierced, despite the father's orders to the contrary. In June 2009, the mother filed an amended family offense petition and a second amended custody modification petition alleging, among other things, that the father sexually abused Victoria and Megan, that the father consumed alcohol and used marihuana in front of the children and that, on one occasion in June 2009, the father drove a vehicle down a driveway nearly striking Megan. Family Court granted the father's motion to strike certain portions of the mother's petitions, including allegations of sexual abuse and those pertaining to alcohol and marihuana consumption in front of the children. Family Court further limited the mother's proof to allegations occurring after December 2008—the date of the last custody order. Following a fact-finding hearing that was conducted in November 2009, Family Court dismissed the mother's second amended modification petition, finding that she failed to establish a sufficient change in circumstances. In addition, Family Court dismissed the mother's amended family offense petition and granted the father's violation petition. The mother now appeals.

We first address the mother's argument that the father's conduct with respect to the June 2009 driveway incident constituted disorderly conduct, harassment in the second degree and

---

**2.** In March 2009, the mother filed an amended modification petition that attached documentation indicating that she had successfully completed substance abuse counseling.

menacing in the third degree and, thus, Family Court erred in dismissing her amended family offense petition. A family offense must be established by a "fair preponderance of the evidence through the admission of 'competent, material and relevant evidence' " (*Matter of Patricia H. v Richard H.*, 78 AD3d 1435, 1436 [2010], quoting Family Ct Act § 834; *see Matter of Chadwick F. v Hilda G.*, 77 AD3d 1093, 1094 [2010], *lv denied* 16 NY3d 703 [2011]). At the hearing on this matter, Megan testified that, in June 2009, she had a verbal altercation with her father in their driveway about certain earrings that she was wearing and that, after refusing to give him the earrings and walking away, her father got in his vehicle and backed down the driveway after her. Megan further testified that, although she was unaware of how close the vehicle was to her, she feared that she would be struck by the vehicle. The father testified that, after the verbal altercation with Megan in the driveway, she began to run down the driveway away from him. The father testified that he got into his vehicle and backed down the driveway in an attempt to catch up with Megan, but denied attempting to strike her. Based on the testimony and evidence, and deferring to Family Court's credibility determinations (*see Matter of Eck v Eck*, 44 AD3d 1168, 1169 [2007], *lv denied* 9 NY3d 818 [2008]), we decline to disturb the court's conclusion that the proven conduct does not support a finding that the father engaged in acts constituting harassment in the second degree, menacing in the third degree or disorderly conduct.

Next, we note that, inasmuch as Megan has reached the age of 18, the instant appeal challenging Family Court's order denying the mother's modification petition is rendered moot as to that child (*see Matter of Stiles v Baum*, 78 AD3d 1383 [2010]; *Matter of Heidi E. [Tresea F.—Phyllis G.]*, 68 AD3d 1174, 1174 [2009]). With respect to the mother's petition seeking modification of the existing custody order as to Brandon and Victoria, she must establish "a change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Robert SS. v Ashley TT.*, 75 AD3d 780, 781 [2010] [internal quotation marks and citations omitted]; *see Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788, 789 [2010], *lv denied* 15 NY3d 713 [2010]; *Matter of Henderson v MacCarrick*, 74 AD3d 1437, 1439 [2010]). Here, the mother claimed that a sufficient change in circumstance had occurred since entry of the prior order by virtue of her completion of a substance abuse program, the children's wishes to live with her and the June 2009 driveway incident. In its determination, Family Court discounted the mother's substance abuse treatment, finding that she misreported to her counselors that she sought

treatment based on "alcohol in the family" instead of based on her own substance abuse problems. Furthermore, while both Brandon and Victoria were present during the June 2009 driveway incident, it was well within Family Court's discretion to find that "at no time were the children placed in harm's way and there is no credible evidence that [the father] intended or attempted to hit Megan with his vehicle" (*see Matter of Sierra C. [Deborah D.]*, 74 AD3d 1445, 1448 [2010]; *Matter of Henderson v MacCarrick*, 74 AD3d at 1440). Finally, the record supports Family Court's determination that the children's preference to live with the mother failed to establish a change in circumstances (*see Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]). Accordingly, we find a sound and substantial basis in the record to support Family Court's decision dismissing the mother's second amended modification petition. Contrary to the argument made by the attorney for the children, since the mother failed to establish the threshold change in circumstances, Family Court was not required to undertake a best interest analysis (*see Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]).

We are likewise unpersuaded that the attorney for the children provided ineffective assistance of counsel. The record discloses that counsel participated in the hearing by calling Megan as a witness, conducting redirect examination of her and providing a summation expressing the wishes of his clients. Thus, while counsel's representation was not flawless, under the circumstances herein, we find that the children nevertheless received meaningful representation (*see People v Baker*, 14 NY3d 266, 270 [2010]; *Matter of Ferguson v Skelly*, 80 AD3d 903, 906 [2011]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1434 [2010]).

To the extent that the mother challenges Family Court's determination to strike certain portions of the pleadings and to limit the proof at the trial of this matter, she failed to oppose the father's motion seeking such relief and, accordingly, she has failed to preserve for our review any challenge to Family Court's order in that regard (*see Borowiak v Kwitzer*, 261 AD2d 916, 917 [1999]). Furthermore, inasmuch as no appeal was taken from Family Court's order dismissing the February 2009 violation petition (*see* Family Ct Act § 1113), any challenge to that order is not properly before us (*see Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d 1359, 1360 [2010], *lv denied* 15 NY3d 703 [2010]). Likewise, to the extent that the attorney for the children takes issue with Family Court's November 2009 order, we note that no appeal was taken by the

attorney for the children from that order and, therefore, her argument is not properly before us (*see Matter of Gardner v Gardner*, 69 AD3d 1243, 1244 n 1 [2010]; *Cassadei v County of Schenectady*, 50 AD3d 1439, 1439 n 1 [2008]; *Matter of Herman v Villafane*, 9 AD3d 525, 526 n [2004]). The mother's remaining arguments—that Family Court abused its discretion in granting the father an adjournment prior to trial to obtain counsel (*see Matter of Braswell v Braswell*, 80 AD3d 827, 829 [2011]) and in denying the mother's motion to preclude based on the father's untimely service of an answer and responses to discovery demands (*see Jessmer v Martin*, 46 AD3d 1059, 1060 [2007])—have been reviewed and are found to be without merit. Finally, we do not find that comments made by counsel during his summation regarding allegations that were previously stricken to be so prejudicial as to warrant reversal (*see Matter of Gaylord II.*, 106 AD2d 823, 825 [1984]).

Spain, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.