Coleman v Karimov (2019 NY Slip Op 04351)





Coleman v Karimov


2019 NY Slip Op 04351


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09474
 (Index No. 13113/13)

[*1]Leroy Coleman, et al., appellants, 
v
Abduvahhob Karimov, et al., respondents, et al., defendants.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellants.
Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Patrick J. Dellay], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated July 6, 2017. The order denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside, as inadequate, so much of a jury verdict as awarded the plaintiff Leroy Coleman damages in the principal sum of only $30,000 for past pain and suffering and $0 for future pain and suffering, and awarded the plaintiff Sharese Smith Coleman damages in the principal sum of only $10,000 for past pain and suffering and only $20,000 for future pain and suffering, and for a new trial on the issue of those damages.
ORDERED that the order is modified, on the facts, by deleting the provision thereof denying those branches of the plaintiffs' motion pursuant to CPLR 4404(a) which were to set aside, as inadequate, the jury verdict on the issue of damages for past pain and suffering for the plaintiff Leroy Coleman, past pain and suffering for the plaintiff Sharese Smith Coleman, and future pain and suffering for the plaintiff Sharese Smith Coleman, and for a new trial on the issue of those damages, and substituting therefor a provision granting those branches of the motion to the extent of setting aside, as inadequate, the jury verdict on those damages and directing a new trial on the issue of those damages unless the defendants Abduvahhob Karimov and Fantasy Accessories, Inc., shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the award of damages for past pain and suffering for the plaintiff Leroy Coleman from the principal sum of $30,000 to the principal sum of $75,000, past pain and suffering for the plaintiff Sharese Smith Coleman from the principal sum of $10,000 to the principal sum of $50,000, and future pain and suffering for the plaintiff Sharese Smith Coleman from the principal sum of $20,000 to the principal sum of $150,000; as so modified, the order is affirmed, with costs payable to the plaintiffs; and it is further,
ORDERED that the time for the defendants Abduvahhob Karimov and Fantasy Accessories, Inc., to serve and file the written stipulation consenting to increase the award of damages, if they be so advised, shall be 30 days after service upon them of a copy of this decision and order.
The plaintiffs, Leroy Coleman (hereinafter Leroy) and Sharese Smith Coleman [*2](hereinafter Sharese), commenced this action to recover damages for personal injuries they allegedly sustained as the result of a motor vehicle accident. The action proceeded to a jury trial on the issue of damages. The evidence at trial established that Leroy sustained an injury to his rotator cuff and knee as a result of the accident, and Leroy was required to attend physical therapy and eventually undergo an arthroscopic knee surgery. The evidence established that Sharese also sustained a knee injury, which, similarly, required her to attend physical therapy and eventually undergo an arthroscopic knee surgery. Sharese testified that she has difficulty walking up and down stairs and difficulty kneeling in church.
The jury returned a verdict finding that Leroy did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). However, the jury found that Leroy sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) and awarded him $30,000 in damages for past pain and suffering and no damages for future pain and suffering. The jury found that Sharese sustained a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102(d) and awarded her $10,000 in damages for past pain and suffering and $20,000 in damages for future pain and suffering over a period of 40 years.
The plaintiffs moved pursuant to CPLR 4404(a) to set aside, as inadequate, so much of the verdict as awarded them damages. The Supreme Court denied the motion. The plaintiffs appeal.
A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Quijano v American Tr. Ins. Co., 155 AD3d 981, 983; Kayes v Liberati, 104 AD3d 739, 741; Guallpa v Key Fat Corp., 98 AD3d 650, 651). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Miller v Weisel, 15 AD3d 458, 459; see Vainer v DiSalvo, 107 AD3d 697, 698-699).
Here, with respect to Leroy, the award of $30,000 for past pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (see Semple v New York City Tr. Auth., 301 AD2d 514, 515; Frascarelli v Port Auth. of N.Y. & N.J., 269 AD2d 422, 422-423; Urquhart v New York City Tr. Auth., 221 AD2d 336). However, since the jury found that Leroy sustained a serious injury under only the 90/180-day category of Insurance Law § 5102(d), the jury's award of zero damages for future pain and suffering did not deviate materially from what would be reasonable compensation (see Iovino v Kaplan, 145 AD3d 974, 977).
With respect to Sharese, the awards of $10,000 for past pain and suffering and $20,000 for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (see Semple v New York City Tr. Auth., 301 AD2d at 515; Frascarelli v Port Auth. of N.Y. & N.J., 269 AD2d at 422-423; Urquhart v New York City Tr. Auth., 221 AD2d 336).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court