Britt v Levgar Equities Corp. (2024 NY Slip Op 02497)

Britt v Levgar Equities Corp.

2024 NY Slip Op 02497

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 30587/19 Appeal No. 2216 Case No. 2023-04136 

[*1]Chauncey Britt, Respondent,
v
Levgar Equities Corporation et al., Appellants, Boost Mobile, LLC, et al., Defendants.

Ahmuty, Demers & McManus, New York (Frank J. Wenick of counsel), for appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, New York County (Lucindo Suarez, J.), entered January 26, 2023, which granted defendants Levgar Equities Corporation and NB Net Solutions 41 Inc.'s motion to vacate the court's prior order entered November 22, 2002, and upon such vacatur, adhered to its prior order granting plaintiff partial summary judgment as to liability on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff was injured while attempting to install an air conditioning coil unit at defendants' premises. As plaintiff was so engaged, he received an electric shock, and was unable to let go of the unit. When the power was cut, the unit fell on his knees. He then tried to pull the unit back up in order to prevent it from striking his coworker, who was working below, sustaining injuries to his arm and back.
The record establishes that plaintiff was entitled to partial summary judgment as to liability on his Labor Law § 240(1) claim, notwithstanding that he neither fell from a height nor was struck by a falling object. His injuries were caused by his effort to prevent the unit from falling on his coworker (see Skow v Jones, Lang & Wooton Corp., 240 AD2d 194, 195 [1st Dept 1997], lv denied 94 NY2d 758 [1999]).
Plaintiff is also entitled to partial summary judgment as to liability on his Labor Law § 241 (6) claim predicated on violations of Industrial Code (12 NYCRR) § 23-1.13(b) (3) and (4), since defendants did not ascertain whether there were live wires in the vicinity of plaintiff's work location, and failed to protect plaintiff against an electrical shock (see Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 510 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024